# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA JOHNSON and NOLANDA HOLDER-JONES, Individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> AGUIRRE PRACTICE OF PEDIATRICS PLLC, d/b/a AGUIRRE MEDICAL and/or AGUIRRE PEDIATRICS, MARÍA AGUIRRE, individually, and ADRIAN AGUIRRE, individually. <br><br> *Defendants*. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs—Patricia Johnson and Nolanda Holder-Jones—bring this action individually and on behalf of all other "front office" employees[1] (collectively "Plaintiffs and the Putative Collective Members") who worked for Aguirre Practice of Pediatrics PLLC d/b/a Aguirre Medical and/or Aguirre Pediatrics ("Aguirre Pediatrics"), and María Aguirre, individually, and Adrian Aguirre, individually, (collectively, "Aguirre" or "Defendants") at any time from August 18, 2020, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

---

[1] Defendants distinguish its employees between "front office" and "back office." Front-office employees performed (and perform) clerical duties while back-office employees performed (and perform) patient facing care.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Plaintiffs and the Putative Collective Members are those similarly situated persons who worked for Defendants as front office employees, at any time from August 18, 2020, through the final disposition of this matter, who were not paid overtime compensation in violation of the FLSA.

3. Although Plaintiffs and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiffs and the Putative Collective Members was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to pay Plaintiffs and the Putative Collective Members their earned overtime rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiffs and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

8. Plaintiff Patricia Johnson ("Johnson") was employed by Defendants during the relevant time period. Plaintiff Johnson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

9. Plaintiff Nolanda Holder-Jones ("Holder-Jones") was employed by Defendants during the relevant time period. Plaintiff Holder-Jones did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

10. The FLSA Collective Members are those current and former "front office" employees who worked for Defendants, at any time from August 18, 2020, through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiffs Johnson and Holder-Jones worked and were paid.

11. Defendant Aguirre Practice of Pediatrics PLLC, is a Texas company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **E Villanueva & Associates, Inc., 1955 Babcock, San Antonio, Texas 78229**.

12. Defendant María Aguirre is a Texas resident and may be served at her home address for service of process: **438 Arch Blf., San Antonio, Texas 78237**, or wherever she may be found.

13. Defendant Adrian Aguirre is a Texas resident and may be served at his home address for service of process: **4241 Buena Vista, Apt. 8, Dallas, Texas 78205**, or wherever he may be found.

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiffs and the Putative Collective Members. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable

---

[2] The written consent of Patricia Johnson is attached hereto as Exhibit "A."
[3] The written consent of Nolanda Holder-Jones is attached hereto as Exhibit "B."

provisions of the FLSA, including the overtime provisions, with respect to their entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

16. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

17. This Court has general personal jurisdiction over Defendant Aguirre Practice of Pediatrics PLLC d/b/a Aguirre Pediatrics and/or Aguirre Medical because Texas is their home state and because Plaintiffs' claims arose within this District as a result of their conduct within this District and Division.

18. This Court has general personal jurisdiction over Defendants María Aguirre and Adrian Aguirre because they are Texas residents and because Plaintiffs' claims arose within this District as a result of their conduct within this District and Division.

19. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Defendants María Aguirre and Adrian Aguirre own and operate Aguirre Practice of Pediatrics PLLC d/b/a Aguirre Pediatrics and/or Aguirre Medical, a pediatric medical facility located at 2515 Castroville Rd, Ste. 105, San Antonio, Texas 78237, under the names of Aguirre Pediatrics and/or Aguirre Medical.

22. Plaintiff Johnson was employed by Defendants as an hourly "front desk" employee from approximately September of 2021 to February of 2023.

23. Plaintiff Holder-Jones was employed by Defendants as an hourly "front desk" employee from approximately September of 2022 to February of 2023.

24. Plaintiffs and the Putative Collective Members were responsible for answering phone calls from Defendants' customers, checking in patients, confirming appointments, confirming insurance information, cleaning the facility including exam rooms and common areas, and other duties and tasks as needed.

**Defendants are Joint Employers**

25. Defendants are each Plaintiffs' employers as that term is defined in 29 U.S.C. § 203(d).

26. Plaintiffs were employed by Defendant Aguirre Practice of Pediatrics PLLC d/b/a Aguirre Pediatrics and/or Aguirre Medical for their services at its Castroville, Texas, office.

27. Defendants María Aguirre, M.D. and Adrian Aguirre, own and operate Aguirre Practice of Pediatrics PLLC d/b/a Aguirre Pediatrics and/or Aguirre Medical, and were responsible for the day-to-day operations of the clinic and all Aguirre Pediatrics employees.

28. Together, Defendants María Aguirre and Adrian Aguirre determined the rate of pay and job duties and job responsibilities for each employee of Aguirre Pediatrics.

29. Defendants, María Aguirre and Adrian Aguirre, themselves and on behalf of Defendant Aguirre Pediatrics, controlled Plaintiffs and the Putative Collective Members' work schedules and conditions of employment.

30. Specifically, Defendants María Aguirre and Adrian Aguirre, themselves and on behalf of Defendant Aguirre Pediatrics, dictated (and continues to dictate) what job duties and tasks that Plaintiffs and Putative Collective Members needed to perform while employed.

31. Defendants María Aguirre and Adrian Aguirre, themselves and on behalf of Defendant Aguirre Pediatrics, had the power to hire and fire Plaintiffs and the Putative Collective Members.

32. Defendants María Aguirre and Adrian Aguirre, themselves and on behalf of Aguirre Pediatrics, determined Plaintiffs and the Putative Collective Members' rate and method of pay.

33. Defendants María Aguirre and Adrian Aguirre, themselves controlled Plaintiffs' pay and acted interchangeably with Defendant Aguirre Pediatrics during Plaintiffs' employment.

34. Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Collective Members during their employment, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

35. Defendants mutually benefitted from the work performed by Plaintiffs and the Putative Collective Members.

36. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Collective Members

37. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

38. Defendants maintained and controlled Plaintiffs and the Putative Collective Members' employment records.

39. As a result, both Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### Failure to Pay Overtime

40. Defendants classified the Plaintiffs and Putative Collective Members as hourly non-exempt employees.

41. Plaintiff Johnson typically worked forty-five (45) to fifty (50) hours each week.

42. However, Plaintiff Johnson was paid her straight time rate for all hours worked, including hours worked over forty (40) in a workweek.

43. Plaintiff Holder-Jones typically worked forty-five (45) to fifty (50) hours each week.

44. However, Plaintiff Holder-Jones was paid her straight time rate for all hours worked, including hours worked over forty (40) in a workweek.

45. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

46. Plaintiffs and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

47. Accordingly, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

48. The preceding paragraphs are fully incorporated herein.

49. FLSA Collective is defined as:

**ALL CURRENT AND FORMER "FRONT OFFICE" EMPLOYEES WHO WORKED FOR AGUIRRE PRACTICE OF PEDIATRICS PLLC D/B/A AGUIRRE MEDICAL AND/OR AGUIRRE PEDIATRICS, MARÍA AGUIRRE, INDIVIDUALLY, AND ADRIAN AGUIRRE, INDIVIDUALLY, AT ANY TIME FROM AUGUST 18, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

50. At all material times, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

52. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

54. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

56. At all material times, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

57. In violating the FLSA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

58. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.   FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

60. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

62. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

63. Defendants knew or should have known their pay practices were in violation of the FLSA.

64. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

65. Plaintiffs and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Defendants to pay them according to the law.

66. The decision and practice by Defendants to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

67. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

70. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective Members are defined in Paragraph 49.

72. Defendants' failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiffs or the individual FLSA Collective Members.

73. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

75. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

80. Plaintiffs respectfully pray for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

c. For an Order awarding the costs and expenses of this action;

d. For an Order awarding attorneys' fees;

e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 18, 2023

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiffs and the Putative Collective Members*

Exhibit A

# CONSENT TO JOIN WAGE CLAIM

Print Name: __Patricia Johnson__

1. I hereby consent to participate in a collective action lawsuit against **Aguirre Practice of Pediatrics, LLC** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Patricia Johnson (Feb 23, 2023 07:30 CST)_    Date: Feb 23, 2023

Exhibit B

# CONSENT TO JOIN WAGE CLAIM

Print Name: __Nolanda Holder Jones__

1. I hereby consent to participate in a collective action lawsuit against **Aguirre Practice of Pediatrics, LLC** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Nolanda Holder Jones_ (Feb 23, 2023 07:36 CST)   Date: Feb 23, 2023